UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Index No.: 07 CIV 8820
M. SHANKEN COMMUNICATIONS, INC.,

                             Plaintiffs,

                                                                **ANSWER**

           -against-

P4 PERFORMANCE MANAGEMENT, INC.,
ANTHONY POMPLIANO JR., VIVIAN ONELLO,
AND STEVE MORTIBOY,

                             Defendants.
-------------------------------------------------------------------X


        Defendants P4 Performance Management, Inc., Anthony Pompliano Jr., Vivian

Onello and Steve Mortiboy, by their attorney Babchik & Young, LLP, for their answer

to the complaint upon information and belief:

        1.      Deny each and every allegation contained in paragraphs 1 and 2.

        2.      Deny knowledge or information thereof sufficient to form a belief as to

the truth of any of the allegations contained in paragraphs 3, 4 and 5.

        3.      Deny each and every allegation contained in paragraph 6 except admit

P4 is a Delaware Corporation with a principal place of business at 105 Brooks Avenue,

Raleigh, North Carolina 27607 and is in the business of, among other things, remote

managing and consulting for enterprise business.

        4.      Admit the allegations contained in paragraphs 7, 8 and 9, except deny

knowledge or information thereof sufficient to form a belief as to the truth of the

allegations concerning plaintiff's interactions.

5.      Deny knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 10, 11, 12, 13, 14, 15 and 17 and beg leave to refer to the original(s) of agreement(s) alleged at the trial of this action.

6.      With respect to paragraphs 16 and 18, beg leave to refer to the original communication(s) and agreement alleged and otherwise deny the allegations.

7.      Deny knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 19 and 20, except admit plaintiff requested that P4 extend the agreement on a month-to-month basis to which request P4 offered a 3-month extension and beg leave to refer to the original communications and extension agreement at the trial of this action.

8.      Deny each and every allegation contained in paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 and beg leave to refer to the original communications alleged for their terms and conditions.

9.      Deny each and every allegation contained in paragraphs 32, 33, 34, 35 and 36, except admit upon information and belief that plaintiff, its employee(s) or agent(s) changed the firewall usernames and passwords and, despite defendants' willingness to assist plaintiff in restoring or repairing the damage caused by plaintiff to plaintiff's website, defendants could not access the site remotely or by Remote Hands or by direct access. When P4 requested information on the usernames and passwords that plaintiff changed in order to penetrate plaintiff's new firewall and restore/repair the site, plaintiff refused making it virtually impossible for defendants to restore or repair the websites. Plaintiff asked for defendants' assistance in restoring/repairing the website plaintiff damaged and then plaintiff refused defendants access to the site to perform the

restoration/repair. Defendants beg leave to refer to all communications, agreements and payments at the trial of this action.

10.    Deny each and every allegation contained in paragraphs 37, and 38 and aver that plaintiff had at least one other outage on their website lasting several days as a result of plaintiff's own acts and culpable conduct and further aver had other problems caused by outside hackers requiring notification to the Federal Bureau of Investigation ("FBI") that, upon information and belief, affected its business and reputation.

## TO THE FIRST CAUSE OF ACTION

11.    Admit or deny as above each and every allegation incorporated by reference in paragraph 39.

12.    Deny knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraph 40, leaving all issues of law for the Court at the trial of this action.

13.    Deny each and every allegation contained in paragraphs 41, 42, 43, 44, 45 and 46.

## TO THE SECOND CAUSE OF ACTION

14.    Admit or deny as above each and every allegation incorporated by reference in paragraph 47.

15.    Deny knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraph 48, leaving all issues of law for the Court at the trial of this action.

16.    Deny each and every allegation contained in paragraphs 49, 50, 51 and 52.

## TO THE THIRD CAUSE OF ACTION

17.    Admit or deny as above each and every allegation incorporated by reference in paragraph 53.

18.    Deny knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraph 54, leaving all issues of law for the Court at the trial of this action.

19.    Deny each and every allegation contained in paragraphs 55, 56, 57 and 58.

## TO THE FOURTH CAUSE OF ACTION

20.    Admit or deny as above each and every allegation incorporated by reference in paragraph 59.

21.    Deny each and every allegation contained in paragraphs 60, 61, 62, 63, 64, 65 and 66.

## TO THE FIFTH CAUSE OF ACTION

22.    Admit or deny as above each and every allegation incorporated by reference in paragraph 67.

23.    Deny each and every allegation contained in paragraphs 68, 69, 70 and 71.

## TO THE SIXTH CAUSE OF ACTION

24.    Admit or deny as above each and every allegation incorporated by reference in paragraph 72.

25.    Deny knowledge or information thereof sufficient to form a belief as to the truth of any of the allegations contained in paragraph 73.

26.    Deny each and every allegation contained in paragraphs 74, 75, 76, 77, 78, 79 and 80.

## TO THE SEVENTH CAUSE OF ACTION

27.    Admit or deny as above each and every allegation incorporated by reference in paragraph 81.

28.    Deny each and every allegation contained in paragraphs 82, 83, 84, 85, 86, 87, 88, 89 and 90.

## TO THE EIGHTH CAUSE OF ACTION

29.    Admit or deny as above each and every allegation incorporated by reference in paragraph 91.

30.    Deny each and every allegation contained in paragraphs 92, 93, 94, 95, 96, 97, 98 and 99.

## TO THE NINTH CAUSE OF ACTION

31.    Admit or deny as above each and every allegation incorporated by reference in paragraph 100.

32.    Deny each and every allegation contained in paragraphs 101, 102, 103, 104, 105, 106, 107, 108 and 109.

## TO THE TENTH CAUSE OF ACTION

33.    Admit or deny as above each and every allegation incorporated by reference in paragraph 110.

34.    Deny each and every allegation contained in paragraphs 111, 112, 113, 114, 115 and 116.

## TO THE ELEVENTH CAUSE OF ACTION

35.    Admit or deny as above each and every allegation incorporated by reference in paragraph 117.

36.    Deny each and every allegation contained in paragraphs 118, 119 and 120.

## TO THE TWELFTH CAUSE OF ACTION

37.    Admit or deny as above each and every allegation incorporated by reference in paragraph 121.

38.    Deny each and every allegation contained in paragraphs 122, 123, 124, 125, 126, 127, 128, 129, 130, 131 and 132.

## TO THE THIRTEENTH CAUSE OF ACTION

39.    Admit or deny as above each and every allegation incorporated by reference in paragraph 133.

40.    Deny each and every allegation contained in paragraphs 134, 135, 136, 137, 138, 139, 140, 141, 142, 143 and 144, except admit plaintiff paid P4 $5,000 but then refused to allow P4 access to the system that required repair/restoration.

## AS A FIRST DEFENSE

41.    The complaint fails to state a claim for which relief may be granted.

## AS A SECOND DEFENSE

42.    The Court lacks jurisdiction over the corporate defendant.

## AS A THIRD DEFENSE

43.    The Court lacks jurisdiction over the individual defendants.

## AS A FOURTH DEFENSE

44.    Plaintiff failed to mitigate its alleged damages.

## AS A FIFTH DEFENSE

45.    Plaintiff not only failed to mitigate its alleged damages but also refused to allow P4 to mitigate its alleged damages.

## AS A SIXTH DEFENSE

46.    Plaintiff breached its agreement with defendant.

## AS A SEVENTH DEFENSE

47.    Plaintiff violated the covenant of good faith and fair dealing after agreeing to allow P4 to repair the system that plaintiff, its employees or agents damaged and then refusing P4 access to perform the repair.

## AS AN EIGHTH DEFENSE

48.    All agreements were with P4 or the predecessor company.    The individual defendants had no agreement with plaintiff.

## AS A NINTH DEFENSE

49.    Plaintiff has unclean hands.

## AS A TENTH DEFENSE

50.    If the plaintiff was injured or damaged as alleged in the complaint, such injury or damage was caused, in whole or in part, or was contributed to, by reason of the carelessness, negligence, want of care, breach of contract and/or culpable conduct on the part of the plaintiff without any carelessness, negligence, want of care, breach of contract and/or culpable conduct on the part of the defendants contributing thereto; and

7

if the carelessness, negligence, want of care, breach of contract and/or culpable conduct other than that of the plaintiff caused or contributed to such alleged injury or damage, it was the carelessness, negligence, want of care, breach of contract and/or culpable conduct on the part of some other party or person, firm or corporation, his, its or their agents, servants or employees over whom the defendants had no control and for whose carelessness, negligence, want of care and/or culpable conduct the defendants were not and are not responsible or liable.

### AS AN ELEVENTH DEFENSE

51.    There is no private cause of action or claims for relief by the statutes relevant to these alleged claims.

### AS A TWELFTH DEFENSE

52.    Plaintiff failed to plead fraud with the requisite specificity.

### AS A THIRTEENTH DEFENSE

53.    There is no privity between plaintiff and the individual defendants.

### AS A FOURTEENTH DEFENSE

54.    The individual defendants were agents for a disclosed principal.

### AS A FIFTEENTH DEFENSE

55.    The venue of this matter is improper and should be changed.

### AS A FIRST COUNTERCLAIM AGAINST PLAINTIFF

56.    Plaintiff requested the assistance of defendant P4 to restore/repair the systems that plaintiff, its employees or agents damaged or shut down.

57.    P4 agreed to assist in the restoration and repair.

58.    Despite the request and agreement, plaintiff hindered, obstructed and interfered with P4's performance under its agreement with plaintiff.

59.    Plaintiff's behavior was unjustified and a breach of agreement.

60.    Plaintiff's behavior was intended to injure defendant P4.

61.    Plaintiff asked for P4's help, and then when P4 agreed to help it, caused P4 to fail in its performance.

62.    Plaintiff caused P4 to fail in its performance under its contract, then sued P4 for failing to or intentionally refusing to perform.

63.    Plaintiff's behavior in obstructing defendant P4's performance of its agreement was willful, wanton and egregious meriting damages, as this Court deems appropriate, including punitive damages and the cost of defense of this action.

### AS A SECOND COUNTERCLAIM AGAINST PLAINTIFF

64.    Defendant performed services at plaintiff's request and there remains due and owing the sum of $5,500, none of which has been paid although duly demanded.

WHEREFORE, defendants demand judgment dismissing the action and judgment on their counterclaims, together with such other relief as the Court deems appropriate, together with the costs, disbursements and attorneys' fees for this action.

Dated: White Plains, New York
        December 5, 2007

                        BABCHIK & YOUNG, LLP
                        Attorneys for Defendants.

By:    _____
                        Jack Babchik (JB 8953)
                        A Member of the Firm
                        200 East Post Road
                        White Plains, New York 10601
                        (914) 470-0001