# ReedSmith

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450

Wallace Neel
Direct Phone: 212.521.5452
Email: wneel@reedsmith.com

January 25, 2008

BY FAX 212-805-7901

The Hon. Harold Baer
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2230
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08

Re:  M. Shanken Communications, Inc. v. P4 Performance Management, Inc., No. 07-Civ-8820 (HB)

Dear Judge Baer:

We represent M. Shanken Communications, Inc. ("Shanken"), the plaintiff in the above-referenced action.

Pursuant to Local Rule 37.2, we write to request a conference with the Court regarding the need for a Protective Order that would permit the parties to designate discovery materials, including Electronically Stored Information ("ESI"), as "Confidential." Plaintiffs have asked Defendants' counsel to stipulate to such an arrangement, but Defendants will not agree.

As the Court is aware, this action concerns the brazen attempt by Defendants, whose business is to provide support services and a stable environment for web servers, to "ransom" Shanken's websites, including *cigaraficionado.com* and *winespectator.com*. Defendants seized control of Shanken's web servers by changing the access passwords, and refused to return control to Shanken unless Shanken agreed to extend its expiring contract with Defendants. Defendants' strongarm tactics rendered Shanken's websites inoperable for nearly a week, caused Shanken substantial lost profit, and violated several federal and state computer fraud statutes.

Shanken respectfully submits that an appropriate Protective Order is a standard practice in business litigation and is particularly necessary in this case. Because Defendants' unlawful conduct was effectuated by computer, it is likely that discovery will consist in large measure of ESI. Additionally, because the goods and services offered on Shanken's websites are largely purchased by end-consumers, any disclosure of ESI would entail the possibility that private customer information (such as personal identifiers and credit card numbers) could be produced. Nonetheless, Defendants claim that there is no need for a stipulated Protective Order that would protect the personal information of Shanken's customers, or other information (such as proprietary business practices) that might be responsive to discovery requests.

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ BEIJING ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

We believe that Defendants' refusal to stipulate to a garden-variety confidentiality order on this topic is unreasonable. Accordingly, pursuant to Local Rule 37.2, Shanken requests that the Court convene an informal conference to resolve the issue. Should the conference prove unsuccessful, Shanken will request permission to move for the entry of a Protective Order.

Respectfully submitted,

Wallace Neel

WN:eg

cc: Jack Babchik, Esq. (*by fax* 914-470-0009)

> The Δ may state his objections — believe receipt of your proposed confidentiality order and I need so order it or not — you should be aware I am not fond of confidentiality orders & even when granted reserve the right on notice to the party to openly requested file(s) please be back to me with a resolution or copy of the proposal & any objections
>
> by 2/4/08
>
> SO ORDERED.
>
> Harold Baer, Jr., U.S.D.J.
>
> Date: 2/4/08

Endorsement:

    The defendant may state his objections following receipt of your proposed confidentiality order and I will so order it or not - you should be aware I am not fond of confidentiality orders and even when granted reserve the right on notice to the parties to open the requested file(s). Please be back to me with a resolution or copies of all the proposals and any objections by 2/11/08.