UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/[ ]

---

M. SHANKEN COMMUNICATIONS, INC.,

        Plaintiff

-against-

P4 PERFORMANCE MANAGEMENT, INC., ANTHONY POMPLIANO JR., VIVIAN ONELLO, AND STEVE MORTIBOY,

        Defendants.

No. 07-CV-08820 (HB)

**STIPULATION REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS**

---

WHEREAS the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is ORDERED:

1. All documents and information (including Electronically Stored Information ("ESI") produced in the course of discovery, including but not limited to answers to interrogatories, answers to requests for admission, responses to request for production of documents, responses to subpoenas or notice to produce, and deposition testimony and deposition exhibits (collectively "Disclosure Material") shall be subject to this Order as set forth in this paragraph and the following paragraphs:

    (a) A party producing copies of documents or information that it in good faith believes contains sensitive business information including personally identifiable information of clients and customers, financial information, proprietary information or, trade secrets, may designate the document or information as confidential

by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL." The parties agree that all ESI containing sensitive business information, including financial information, proprietary information or trade secrets, produced in this matter will be deemed to have been designated "CONFIDENTIAL."

Except where originals are produced for inspection first (before copying), the designation shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that originals are produced for inspection first, such documents may be produced for inspection before being designated. Once specific documents have been designated for copying, any documents containing information subject to this Order will be marked as "CONFIDENTIAL" after copying but before delivery to the party who inspected the documents. There will be no waiver of confidentiality by allowing the inspection of documents before they are copied and marked pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed "CONFIDENTIAL" if they are designated as such no later than ten (10) business days after receipt of the transcript. Any testimony that describes a document that has been designated as "CONFIDENTIAL" as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Unless otherwise ordered by this Court, information or documents designated as "CONFIDENTIAL"" shall not be used or disclosed by the party (including employees, agents, directors, and officers of the party) and/or counsel for the party

receiving such designated information or documents, except information or documents designated "CONFIDENTIAL" may be used and/or disclosed as permitted by subparagraph (d), below,.

(d) The party and counsel for the party receiving information or documents designated "CONFIDENTIAL" shall not use such information or documents for any purpose other than litigating this action (the "Litigation"), including without limitation for any business, commercial or competitive purpose, nor shall they disclose or permit the disclosure of any such documents or information to any other person, except that disclosures may be made in the following circumstances:

(i) Disclosures may be made to the Court, as provided in Paragraph 3 below.

(ii) Disclosures may be made to counsel and employees of counsel for the parties, including in-house counsel, who have direct functional responsibility for the Litigation. Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of this Order and agree that the documents and information be held in confidence.

(iii) Disclosure may be made to officers, agents and/or employees of a party only as required in good faith for the sole purpose of providing assistance in litigating the Litigation.

(iv) Disclosure may be made to court reporters and videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporters, videographers or persons engaged in making photocopies of documents,

- 3 -

such person shall be advised of this Order requiring that the documents and information be held in confidence and agree that the documents and information be held in confidence.

(v) Disclosure may be made to witnesses or potential witnesses of any party, representatives of insurance carrier(s), or any other party or person as counsel, in good faith, believes is necessary. Any such party(ies) or person(s) shall be advised of the provisions of this Order and agree that the documents and information be held in confidence.

(vi) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed, retained or consulted by the parties or counsel for the parties to assist in the preparation and trial of the Litigation. Prior to disclosure to any expert, the expert shall be advised of the provisions of this Order and agree that that documents and information be held in confidence.

(e) Except as provided in subparagraphs (d) above, any person receiving documents or information designated as "CONFIDENTIAL" shall make reasonable efforts to keep all such documents secure within their possession and shall make reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") derived from any documents or information subject to this Order or any portion thereof, shall be affixed with the words "CONFIDENTIAL" as appropriate, immediately upon creation of same by a party other than the disclosing party, if those words do not already appear.

- 4 -

2. The inadvertent disclosure of any document or information deemed CONFIDENTIAL or otherwise protected by privilege (including without limitation the attorney-client privilege and attorney work product privilege), shall be without prejudice to any claims that such document is CONFIDENTIAL and/or privileged, and shall not be deemed a waiver of said protections and/or privileges. Upon receipt of notification from the producing party that such document or information has been inadvertently produced, the receiving party shall treat the document or information as CONFIDENTIAL, , and shall notify all persons to whom it may have provided the document or information that it was inadvertently produced and should be treated as CONFIDENTIAL pursuant to this Order. The parties reserve the right to apply to the Court for the return of any inadvertently produced document or information, provided that before making such application, the producing party shall confer with the receiving party in a good faith attempt to resolve the issue informally.

3. To the extent that any materials subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which disclose information subject to this Order, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____."

4. Nothing in this Order shall be construed (i) as expanding the scope of permissible discovery; (ii) as a party's waiving its right to object to discovery requests; (iii) as relieving the party requesting discovery from making a showing as required by applicable law that the information sought is discoverable; (iv) as affecting or inhibiting

- 5 -

the right of either party to seek to admit into evidence at trial any document designated confidential, or to object to the admission into evidence of any such document; (v) as affecting the right of any person to seek additional protection against the disclosure of any document or information or to request that the Court remove "Confidential" status to any document or information originally deemed to be "Confidential"; or (vi) as limiting the party that produced the CONFIDENTIAL document or information from use of its own documents and information in this litigation or from disclosing its own CONFIDENTIAL document(s) or information.

     5.    A designation of "CONFIDENTIAL" may be challenged upon motion, provided that the challenging party shall give prior written notice to the designating party at least ten (10) business days beforehand in an effort to resolve the dispute without a motion. In the event a motion is filed, the burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

     6.    In the event this Confidentiality Agreement is breached, the non-breaching party may seek a protective order enjoining such disclosure. Such application may be made to the Court assigned to this matter, which shall retain jurisdiction to adjudicate any breach of this Agreement. This paragraph is the sole remedy for any alleged breach of this Agreement.

     7.    If a party in possession of documents designated as "CONFIDENTIAL" receives a subpoena from a third-party seeking production or other disclosure of "CONFIDENTIAL" documents, the party shall promptly give written notice to counsel for the designating party enclosing a copy of the subpoena and counsel for the

Case 1:07-cv-08820-HB-RLE    Document 21    Filed 02/29/2008    Page 6 of 7

designating party shall take file an appropriate motion to quash or for a protective order as deemed necessary by counsel for the designated party.

8. Upon the written request of a party, and unless otherwise agreed by the Disclosing Party, and except as provided in the next sentence, all Confidential Material that is not in the custody of the Court shall be returned to the Disclosing Party at the Disclosing Party's expense or destroyed within thirty (30) days of a demand for the return of same. However, attorneys of record for the parties to the Litigation may, following the termination of the Litigation, retain and store copies of any papers they deem necessary. Any records maintained by counsel after the end of the Litigation shall continue to be governed by this Stipulation in all respects.

Dated: February 26, 2008
New York, New York

**REED SMITH LLP**

By: _____
   Peter D. Raymond (PR 3029)
   Wallace B. Neel (WN 0038)
599 Lexington Avenue
New York, NY 10022
(212) 521-5400

*Attorneys for Plaintiff*
*M. Shanken Communications, Inc.*

Dated: February 26, 2008
White Plains, New York

**BABCHIK & YOUNG LLP**

By: _____
   Jack Babchik (JB 8953)
200 East Post Road
White Plains, New York 10601
(914) 470-0001

*Attorneys for Defendants*
*P4 Performance Management, Inc.,*
*Anthony Pompliano, Jr., Vivian Onello,*
*and Steve Mortiboy*

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED:
_____
Hon. Harold Baer, Jr., U.S.D.J.

Date: 2/29/08

SO ORDERED:
_____  2/29/08
The Hon. Harold Baer
United States District Judge

- 7 -